Tayxor, Chief-Justice.
The instrument under which the Plaintiff claims title, is a bill of sale, to the validity of which, registration, within twelve months, is made essential by the act of 1715. The time had, therefore, expired on 2d September, 1820$ but the act of 1821, allows a further time of two years, and supposing that allowance had been availed of, the deed would have related back to its date. But, in the mean time, the lien of the executions had attached upon the property, and although the doctrine of relation, as between the parties, may be adopted for the advancement of justice, yet it shall not do a wrong to strangers, and cannot, in this case, overreach the levies. The Defendant, therefore, is entitled to a new trial.
Hall, Judge.
If the deed .given by Patterson to Scales does not fall within the laws regulating the registration of mortgage deeds, it falls within the operation of another equally fatal to it. It bears date the second day of September, 1819, and by the act of 1789, ch. 315, sec. 2, it ought to have been registered within twelve months after its execution 3 otherwise the act,de *20 clares it to be void and of no force whatsoever. It was not registered until November, 1821, and at that time there was no law giving further time, in cases where j.jje ^jme jja[| e]apsed, within which deeds ought to have been registered. The last law which had passed, was in 1818, ch. 967, that law gave a further time of two years, but its provisions were inoperative, when the deed in question was registered. The deed must, therefore, on tiiat account, give way to the executions.
It is true, that an act afterwards passed, in the year 1821, ch. 10, giving a further time of two years for the registration of all grants, deeds, bills of sale, &c. It is also true, I think, that that act comprehended and validated the registration of the deed in question,\as to all future transactions, yet I do not think that it divested rights, under the execution which had vested before that time,* I, therefore, think the rule for a new trial, should, be made absolute.
And of this opinion was Judge Henbebson.